## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DANNY K. PEARSALL #292-835     *

Plaintiff     *

v     *     Civil Action No. GLR-12-948

BARBARA NEWTON     *
LOIS CUTTER, R.N.[1]
CORIZON, INC.     *

Defendants     *

### MEMORANDUM

Danny K. Pearsall, a Maryland Division of Correction ("DOC") prisoner housed at Western Correctional Institution ("WCI"), has filed a civil rights complaint under 42 U.S.C. § 1983 against Barbara Newton, an agency contract operations manager for Corizon Medical Services[2] and Corizon employee Lois Cutter, a registered nurse. Pearsall, who is self-represented, seeks money damages and alleges he was denied prompt and appropriate medical care by Nurse Cutter regarding injuries received following an altercation with other prisoners.

Pending are a motion to dismiss or in the alternative for summary judgment filed by counsel for Defendants (ECF No. 7) and Pearsall's opposition thereto. ECF No. 9. A hearing is not necessary to resolve Defendants' dispositive motion. *See* Local Rule 105.6 (D. Md. 2011).

### Background

Pearsall states that around 9:00 p.m. on February 1, 2011, he was assaulted by fellow prisoners. He was taken to the WCI medical unit and reported to Defendant Cutter that he

---

[1] The Clerk shall amend the docket to reflect the proper spelling of this Defendant's name.

[2] Pearsall references Correctional Medical Services, Inc. ("CMS") in the caption of his complaint. CMS now operates under the name "Corizon, Inc." Corizon shall be added as a party to this action.

believed his jaw was broken, he was severe pain, constantly spitting out blood, and unable to talk, eat or stop the bleeding.  He states Cutter performed an examination, then released him back to his cell without pain medication and without contacting the on-call physician to request emergency treatment at an area hospital. The next day corrections staff escorted him back to the medical unit where Dr. Joubert authorized his immediate transportation to University of Maryland Medical Center ("UMMC").  There, Pearsall underwent surgery to repair a broken jaw and fractured teeth.  Pearsall claims Cutter's inaction amounts to deliberate indifference under the Eighth Amendment, violates his due process rights, and also constitutes negligence. ECF No. 1 at 4-6.  Pearsall provides an Administrative Remedy Procedure ("ARP") response from WCI's Warden finding that Cutter violated protocol by failing to contact the on-call physician or dentist "to describe her findings and obtain guidance in how to proceed in the immediate post fight period."   The Warden noted that Cutter "has been counseled by CMS.  The dental vendor provided training to CMS nursing staff as a direct result of your case."  ECF No. 1 at 9.

Defendants note that aside from listing her name in the case caption, Pearsall raises no claim against Barbara Newton.  Counsel provides a February 1, 2011, Nurse Sick Call report prepared by Cutter indicating she provided Pearsall with 200 mg. Motrin for pain, applied a cold compress to his jaw, provided saline to rinse his mouth, and issued a referral for dental evaluation and treatment at a later date.[3]  ECF No. 7, Exhibit B at 1.  Defendants also provide additional medical records concerning subsequent treatment provided by other Corizon staff as well as UMMC medical personnel.  *Id.,* Exhibits C and D.  Absent from these submissions is any affidavit or sworn statement from Cutter.

### Standard of Review

As noted, defendants have moved to dismiss or, in the alternative, for summary

---

[3] Counsel offers no affidavit from Cutter explaining her assessment and treatment of Pearsall's injuries.

judgment.  "The purpose of a Rule 12(b) (6) motion [to dismiss] is to test the sufficiency of a complaint." *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir.2010) (citation omitted). A Rule 12(b)(6) motion constitutes an assertion by the defendant that, even if the facts that plaintiff alleges are true, the complaint fails, as a matter of law, "to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). Therefore, in considering a motion to dismiss under Rule 12(b)(6), a court must " 'accept[ ] as true the well-pled facts in the complaint and view[ ] them in the light most favorable to the plaintiff.' " *Brockington v. Boykins*, 637 F.3d 503, 505–06 (4th Cir.2011) (citation omitted).

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, Rule 12(d) permits a court, in its discretion, to consider matters outside of the pleadings on a motion under Rule 12(b)(6). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *See Finley Lines Joint Protective Board. Unit 200 v. Norfolk Southern Corporation*, 109 F.3d 993, 997 (4th Cir.1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials.").

This court deems it appropriate to consider the extraneous materials, as they are likely to facilitate disposition of this case. Accordingly, Defendants' motion shall be treated as a motion for summary judgment.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is properly granted only "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion: "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.' " *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir.2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)), cert. denied, 541 U.S. 1042 (2004). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

In resolving the motion, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party.  *See Scott v. Harris*, 550 U.S. 372, 378 (2007); *Dennis v. Columbia Colleton Medical Center, Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002).  Additionally, because Pearsall is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, the Court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat,* 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323–24, (1986)).

### Analysis

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).   To state an Eighth Amendment claim for denial of medical care, Pearsall must demonstrate that the actions of Defendants (or their failure to act) amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, Pearsall was suffering from a serious medical need and that, subjectively, the named Defendants were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (no expectation that prisoners will be provided with unqualified access to health care).   Proof of an objectively serious medical condition, however, does not end the inquiry.   The second component of proof requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839–40.  "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997).   "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), quoting *Farmer,* 511 U.S. at 844.   If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844.  Reasonableness of the actions taken must be

judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris* 240 F. 3d 383 (4th Cir. 2001), citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken). Clearly the medical conditions described by Pearsall was serious, a finding supported by the limited medical record showing he required surgery to repair his damaged jaw.

Pearsall claims that when seen by Cutter, he was in severe pain, constantly spitting blood, and unable to stop the bleeding. The limited medical record provided neither confirms nor refutes this claim. Pearsall states he was not given any pain medication; the medical record indicates one 200 mg. of Motrin was given. Pearsall's exhibits show that at a minimum, Cutter violated a protocol requiring contact with an on-call physician or dentist to assess whether additional treatment and/or emergency room referral might have been needed. Summary judgment is inappropriate based on Defendant's submission now before this Court, which fails to refute Pearsall's claim of deliberate indifference to a serious medical need.

Pearsall also seeks damages from a Corizon administrator, Barbara Newton, and lists "Correctional Medical Services" (now "Corizon, Inc.) in the caption of his complaint. Presumably, Newton and CMS are named under a theory of vicarious liability, otherwise known as the doctrine of respondeat superior. The law in the Fourth Circuit is well established that the doctrine is inapplicable to §1983 claims involving entities such as Corizon. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *Nedd v. Correctional Medical Services*, Civil Action No. JFM-92-1524 (D. Md., October 22, 1992), citing *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital*, 774 F.Supp. 986, 990 (E.D.Va. 1991). CMS ("Corizon") shall be dismissed from this case.

Liability of administrators such as Newton must be "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001), citing *Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994). Pearsall has pointed to no action or inaction on the part of the Newton that resulted in a violation of his Eighth Amendment rights. Accordingly, Newton also shall be dismissed from this action.

By raising a medical negligence (malpractice) claim in conjunction with his Eighth Amendment claim, Pearsall is asking this court to exercise its supplemental jurisdiction to address a state tort claim. Under Maryland law, a claim of medical malpractice could proceed only after complete review before the Maryland Health Claims Arbitration Board. *See* Md. Code Ann., Cts & Jud. Proc., §3-2A-01 et seq.; *see also Davison v. Sinai Hospital of Balt. Inc*, 462 F.Supp. 778, 779-81 (D. Md. 1978); *Group Health Ass'n, Inc. v. Blumenthal*, 295 Md. 104, 114 (1983). There is no demonstration that Pearsall has sought or completed such review. The Court declines jurisdiction over this state court claims, and dismisses the claim without prejudice. *See* 28 U.S.C. §1367(c)(3); *United Mine Workers v. Gibbs,* 383 U. S. 715, 726 (1966).

Accordingly, Defendants Newton and CMS ("Corizon") shall be dismissed from this

action, and Pearsall's state tort claim shall be dismissed without prejudice to preserve any right he may have to proceed on those claims before the Health Claims Arbitration Board and/or the state courts.  Defendant Cutter's request for summary judgment shall be denied without prejudice and counsel shall be provided an opportunity to supplement its deficient dispositive motion. Pearsall's opposition motion shall also be denied, and he shall be provided an opportunity for further submission. Pearsall shall be assessed an initial partial filing fee, and his request for default judgment denied.  A separate order follows.


June 25, 2012

_____/s/_____
George Levi Russell, III
United States District Judge